UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEBE AU LAIT, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>MOTHERS LOUNGE, LLC and UDDER COVERS, LLC,<br><br>            Defendants. | Case No. 5:13-CV-03035-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[Re: Docket No. 21]** |

Presently before the court is Defendants Mothers Lounge, LLC and Udder Covers, LLC's (collectively, "Defendants") Motion to Dismiss the third, fourth, and fifth claims of Plaintiff Bebe Au Lait, LLC's ("Plaintiff") First Amended Complaint. The court found this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b) and previously vacated the hearing. Having carefully considered the relevant documents, for the reasons stated below, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

Plaintiff alleges that it has been selling nursing covers since 2004, and was the first company to make and sell the type that was popularized. First Am. Compl. ("FAC"), Dkt. No. 12 at ¶ 11. Plaintiff is owner of a patent pertaining to a flexible, convex stiffener located across the top of a nursing cover that bends and returns to a convex shape allowing nursing mothers to view

Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

nursing infants. Id. at ¶ 12. Plaintiff marketed this stiffener as the "RIGIFLEX" stiffener, and obtained a registered U.S. trademark registration. Id.

Plaintiff alleges that Defendants make and/or sell the nursing cover "Udder Covers." Id. at ¶ 13. Udder Covers is allegedly an almost exact "knock off" of Plaintiff's products that includes the RIGIFLEX stiffener. Id. at ¶ 14. Plaintiff further alleges that its products use a distinctive brown and pink color scheme, and unique pink swirl. Id. at ¶ 20. Defendants have allegedly copied Plaintiff's trade dress. Id. at ¶ 21. Lastly, Plaintiff alleges that when consumers buy Udder Covers from Defendants' website, the product is free when a certain promotion code is entered, but are charged $11.90 for shipping. Id. at ¶ 24; see Dkt. No. 12, Ex. B. Plaintiff alleges that this practice has caused lost profits and reduced market share for Plaintiff. Id. at ¶¶ 26, 32.

Plaintiff commenced this action in July 2013. See Dkt. No. 1. Plaintiff filed a First Amended Complaint in September 2013. See Dkt. No. 12. In its FAC, Plaintiff asserts: (1) patent infringement, (2) trade dress infringement, (3) violation of California's Unfair Practices Act ("UPA") under Business & Professions Code § 17043, (4) violation of the UPA under section 17044, and (5) violation of California's Unfair Competition Law ("UCL") under Business & Professions Code § 17200. See id. The patent infringement claim has been dismissed. See Dkt. No. 29.

Defendants filed the instant Motion to Dismiss on September 23, 2013. See Dkt. No. 21. Defendants seek only to dismiss three claims: (1) violation of the UPA under section 17043, (2) violation of the UPA under section 17044, and (3) violation of the UCL. See id. Plaintiff filed an opposition brief, and Defendants filed a reply brief. See Dkt. Nos. 23, 25. The court took the motion under submission without oral argument on January 28, 2014. See Dkt. No. 31.

## II.   LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint

are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986); see Fed. R. Civ. P. 12(b)(6). This rule does not apply to legal conclusions—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

## III.   DISCUSSION

While Plaintiff's FAC alleges four claims, Defendants oppose only three that are based on the California Business and Professions Code because they fail to state a claim: (1) violation of UPA under section 17043; (2) violation of UPA under section 17044; and (3) violation of UCL under section 17200. Each claim will be addressed in turn.

### A.   Violation of Unfair Practices Act Under Section 17043

Under the UPA, "[i]t is unlawful for any person engaged in business within this State to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition." Cal. Bus. & Prof. Code § 17043.

Defendants argue that while they are allegedly "giving away" their nursing covers for free, there is a charge to consumers of $11.90 for shipping. Mot. to Dismiss, Dkt. No. 21 at 6. They contend Plaintiff has failed to allege that Defendants sell any products "at less than cost" as required by the statute because the $11.90 charge exceeds the alleged actual cost of $7.00 to manufacture and ship the product. Id. Plaintiff argues that the actual cost of the product is

3

Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

irrelevant because its claim is not based on the first clause of the statute for selling a product at less than cost, but rather based on the second clause for giving away a product. Opp., Dkt. No. 23 at 3; Cal. Bus. & Prof. Code § 17043. Plaintiff argues that the $11.90 shipping fee is distinct from the cost of the nursing cover itself, which is $0. Dkt. No. 23 at 4. As such, Plaintiff argues that it must only plead: (1) Defendants are giving their nursing covers away for free (charging $0 for the product itself), and (2) Plaintiff has suffered damage as a result of Defendants giving away its product. Dkt. No. 23 at 4. In its reply, Defendants argue that Plaintiff's distinction between different components of the price charged for the product is incorrect as a matter of law. Reply, Dkt. No. 25 at 1-2.

Generally, to properly plead a section 17043 violation claim, a plaintiff must allege: "(1) below-cost sales undertaken for the purpose of injuring competitors or destroying competition that (2) have resulted in a competitive injury." Bay Guardian Co. v. New Times Media LLC, 187 Cal. App. 4th 438, 454 (2010) (collecting cases). The plain meaning of the statute also provides for a cause of action if either the defendant sells a product at less than cost, *or* if the defendant gives away the product away for free. Cal. Bus. & Prof. Code § 17043 (emphasis added). Elk Hills Power, LLC v. Bd. of Equalization, 57 Cal. 4th 593, 609-10 (2013) ("Settled principles of statutory construction mandate that the statute's plain meaning controls the court's interpretation unless its words are ambiguous.") (internal quotations omitted). Accordingly, for this case, Plaintiff must allege two elements: (1) that Defendants gave away its product, and (2) that Defendants had the purpose of injuring Plaintiff or destroying competition that resulted in a competitive injury.

As to the first element, Plaintiff's FAC sufficiently alleges that Defendants give away their product for free. FAC at ¶ 24. The FAC refers to Exhibit B, which is a screenshot of Defendants' webpage showing that the product costs $34.95, but after entering a promotional code, the cost is reduced to $0. FAC, Ex. B. Although the consumer is still charged $11.90 for shipping fees, that amount is irrelevant as to whether the product itself is being given away for free. Since the

4
Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

common understanding of shipping costs is something additional to the cost of a product, Plaintiff has plausibly alleged Defendants charge $0 for its nursing covers once the promotion code is accepted. Defendants offer no authority as to why the shipping fee should be boot-strapped to the cost of the product itself. Therefore, Plaintiff has alleged sufficient facts to meet the first element of the claim.

For the second element, "[t]he California Supreme Court has held that to violate [section 17043], a generalized understanding or intent that particular conduct will injure competition is insufficient to state a claim; instead, the violator must act with the specific *purpose* of injuring its competition." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1153-54 (9th Cir. 2008) (emphasis in original) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 174-75 (1999)). The Ninth Circuit stated that a plaintiff must allege the defendant's purpose was to injure the plaintiff. See Sybersound Records, 517 F.3d at 1154. Here, Plaintiff alleges that Defendants' purpose is to harm Plaintiff through diversion of sales and to harm competition. FAC at ¶ 25. Plaintiff has allegedly suffered injury through lost profits and reduced market share because sales are diverted from Plaintiff to Defendants. Id. at ¶ 26. Plaintiff has sufficiently pled this element. Accordingly, Defendants' motion to dismiss this claim is DENIED.

**B.     Violation of Unfair Practices Act Under Section 17044**

The UPA provides: "It is unlawful for any person engaged in business within this State to sell or use any article or product as a 'loss leader' as defined in Section 17030 of this chapter." Cal. Bus. & Prof. Code § 17044. Section 17030 defines "loss leader" as:

> any article or product sold at less than cost: (a) Where the purpose is to induce, promote or encourage the purchase of another merchandise; or (b) Where the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers; or (c) Where the effect is to divert trade from or otherwise injure competitors.

As to this claim, Defendants make the same argument as with the section 17043 claim. Namely, that (1) Defendants are not giving away the product for free because the product's final charge is $11.90; and (2) Defendants are not selling the product at less than cost because the

5
Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

$11.90 charge exceeds the $7.00 of actual cost and shipping of the product. Dkt. No. 21 at 6. Thus, they argue that Plaintiff fails to state a claim because it has failed to allege that Defendants sell any products "at less than cost" as required by the statute. Id. In response, Plaintiff argues that Defendants' cost per nursing cover is $5 but are giving them away to consumers, and Defendants' cost to ship is at most $2 per unit but are charging consumers $11.90 for shipping. Dkt. No. 23 at 5.

In UPA cases, courts "focus literally on whether the defendant sold 'any article or product' at less than cost. Under the individual item approach, the invoice cost of a product becomes the benchmark to determine if statutory sales below cost have occurred." Fisherman's Wharf Bay Cruise Corp. v. Super. Ct., 114 Cal. App. 4th 309, 326 (2003).

In its FAC, Plaintiff alleges that Defendants' fully allocated cost is $5 per unit, Defendants' free product is less than the fully allocated cost, and Defendants' purpose was to harm Plaintiff through diversion of sales. FAC at ¶ 28. Plaintiff further alleges that Defendants charge a shipping fee of $11.90, but the actual fee for shipping does not exceed $2. Id. at ¶ 29. Defendants' purpose for this practice was to allegedly promote or encourage the purchase of Defendants' shipping services. Id. at ¶ 30. As a result of these practices, Plaintiff has allegedly lost money or property because sales are diverted from Plaintiff to Defendants, resulting in lost profits and lower market share for Plaintiff. Id. at ¶ 32.

Plaintiff's FAC sufficiently alleges that Defendants have sold their product at below cost. Defendants' actual cost for the product is $5, but charges $0. As discussed above, the cost of the product itself is separate from the shipping cost. Accordingly, Defendants' motion to dismiss this claim is DENIED.

**C.   Violation of Unfair Competition Law Under Section 17200**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures a separate and distinct theory of liability." Rubio v. Capital One Bank, 613

6

Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

F.3d 1195, 1203 (9th Cir. 2010) (quotation marks omitted). Here, Plaintiff alleges a violation only under the "unlawful" and "unfair" prongs. FAC at ¶ 34.

The "unlawful" prong of the UCL "borrows violations of other laws and treats them as independently actionable." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 837 (2006). Defendants argue that Plaintiff's allegations make no reference to the underlying law that was supposedly violated, and to the extent Plaintiff relies on the UPA claims, those allegations fail to state a claim. Dkt. No. 21 at 6-7. Plaintiff argues that the underlying law for this claim is the UPA, sections 17043 and 17044. Dkt. No. 23 at 6. Given that Plaintiff has sufficiently pled the UPA claims, as discussed above, it has pled a viable claim under the unlawful prong of the UCL.

As to the "unfair" prong, it requires that consumer injury be: (1) substantial; (2) not outweighed by any countervailing benefit to consumers to competition; and (3) not an injury the consumers themselves could reasonably have avoided. Daugherty, 144 Cal. App. 4th at 839. Defendants argue that Plaintiff has failed to allege harm to competition. Dkt. No. 21 at 7. This court agrees that Plaintiff has failed to sufficiently plead a claim under the "unfair" prong given that there are no sufficient allegations about Defendants' practice being detrimental to competition or consumers.

Accordingly, Defendants' motion to dismiss the unlawful prong of the UCL claim is DENIED, but its motion to dismiss the unfair prong of the claim is GRANTED.

## IV.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is DENIED as it pertains to both UPA claims and the unlawful prong of the UCL claim, and GRANTED as it pertains to the unfair prong of the UCL claim. Plaintiff has leave to amend and can file its second amended complaint addressing the deficiencies stated herein no later than 15 days from the date of this order.

7

Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

The court schedules this case for case management conference at 10:00 a.m. on **November 7, 2014**. Parties shall file a joint case management conference statement on or before **October 31, 2014**.

**IT IS SO ORDERED.**

Dated: September 23, 2014



EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

8
Case No. 5:13-CV-03035-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS